UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZENA TOLBERT<br><br>Plaintiff,<br><br>v.<br><br>HARRIS & HARRIS, LTD.<br><br>Defendant. | CIVIL ACTION 1:16-cv-07666<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, ZENA TOLBERT ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, HARRIS & HARRIS, Ltd. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

6. Defendant is an Illinois limited company with its principal place of business located at 222 Merchandise Mart Plaza, Suite 1900, Chicago, Illinois 60654. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted loans owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

7. On October 15, 2015, Plaintiff opened a personal account with Peoples Energy for gas services for her apartment.

8. In December 2015, Plaintiff lost her job and fell behind on her payments to Peoples Energy in the amount of $300 ("subject debt"). Shortly thereafter, Plaintiff sought financial assistance from the Community and Economic Development Association of Cook County, Inc. ("CEDA")[1] to avoid her gas services being turned off.

9. Later that month, CEDA approved Plaintiff's request for financial assistance and paid the subject debt in its entirety.

---

[1] "CEDA is a private Community Action Agency providing community and economic development programs and direct social services that address the needs of low-income residents and communities in Cook County, Illinois." *See*: http://www.cedaorg.net/www2/programs.html. (Last Visited: 7/22/2016)

10. In January 2016, the subject debt was purchased, assigned or placed to Defendant for collection.

11. In February 2016, Defendant began placing collection calls to Plaintiff's cellular telephone ending in 8139.

12. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of this cellular telephone number. Plaintiff is and has always been financially responsible for this cellular phone and its services.

13. Plaintiff *never* provided her cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.[2]

14. In March 2016, Plaintiff answered a phone call from Defendant. In that call, Defendant repeatedly requested Plaintiff to provide the last four digits of her social security number. In response, Plaintiff demanded that Defendant stop placing calls to her cellular phone.

15. Notwithstanding Plaintiff's requests that Defendant's collection calls cease, Defendant placed or caused to be placed an average of 5 phone calls per week between March 2016 through July 2016 in an attempt to collect upon the subject debt.

16. Plaintiff answered no less than 4 calls from Defendant, and in each answered call, demanded that Defendant cease its calls to Plaintiff's cellular phone.

17. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

---

[2] Upon information and belief, Defendant obtained Plaintiff's cellular telephone number from a credit report in which Defendant accessed through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

18. In total, Defendant placed or caused to be placed no less than 100 harassing phone calls to Plaintiff's cellular phone from March of 2016 through July of 2016, with calls taking place several times in one day, up to 3 times per day, and on the weekends.

19. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

20. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

21. In all phone calls that Plaintiff answered, Defendant failed to disclose its identity as a debt collector.

## DAMAGES

22. Plaintiff has suffered and continues to suffer from emotional distress, mental anguish, and anxiety as a direct result of Defendant's unlawful collection practices.

23. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

24. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, the increased risk of personal injury due to interruption and distraction caused by the phone calls, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

25. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

26. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct, thus incurring costs and expenses.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

29. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

30. Based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

31. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

32. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

33. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

34. As pled above, Defendant obtained Plaintiff's cellular number from her credit report or through "skip tracing," and thus never had consent to place the phone calls to Plaintiff's cellular phone.

35. Defendant violated the TCPA by placing no less than 100 calls between March 2016 through July 2016 to Plaintiff's cellular phone, using an ATDS without her prior express consent.

36. Moreover, as plead above, Plaintiff demanded that Defendant cease calls to her cellular phone on no less than 4 separate occasions during the phone calls she answered.

37. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

38. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

39. Upon information and belief, Defendant knew its collection practice were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

40. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

41. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff ZENA TOLBERT requests that this Honorable Court:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

c. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

43. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

44. The subject debt arose from utility services provided by Peoples Energy, which was for primarily family, personal or household purposes, and thus is a "debt" as defined by FDCPA §1692a(5).

45. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

46. Defendant used telephones to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

47. Defendant violated 15 U.S.C. §§1692d, d(5), e(11), and §1692f through its unlawful collection practices.

  a. **Violations of FDCPA §1692d**

48. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment of the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff demanded that the calls cease on no less than 4 separate occasions.

49. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and attempting to engage her in conversations regarding the collection of the subject debt.

### b. Violations of FDCPA §1692e(11)

50. Defendant violated §1692e(11) by failing to disclose its identity as a "debt collector" as required by the FDCPA.

### c. Violations of FDCPA §1692f

51. Defendant violated §1692f in that Defendant used unfair and unconscionable means to collect the subject debt by placing never-ending phone calls to Plaintiff's cellular phone attempting to coerce Plaintiff into paying a debt she no longer owed.

52. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

WHEREFORE, Plaintiff ZENA TOLBERT requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

53. Plaintiff restates and reallages paragraphs 1 through 26 as through fully set forth herein.

54. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such

> material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

55. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

56. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff and the subject debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

57. Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its attempts to collect the subject debt from Plaintiff.

    **a. Unfairness and Deception**

58. It was unfair and deceptive for Defendant to seek to collect the subject debt from the Plaintiff through relentless harassing phone calls to her cellular phone attempting to induce her into making a payment on a debt that was not owed at the time the demands for payment were made.

59. Defendant intended that Plaintiff rely on its misrepresentations that the subject debt was owed, when in fact it was paid in full.

60. It was unfair for Defendant to place or cause to be placed no less than 100 phone calls to Plaintiff's cellular phone from March 2016 until July 2016, without her consent, with calls taking place several times in one day, up to 3 times per day, and on the weekends.

61. It was unfair for Defendant to continue placing calls to Plaintiff after she demanded that the calls cease on no less than 4 separate occasions.

62. It was unfair and deceptive for Defendant to fail to disclose its identity as a debt collector during the phone calls in which Plaintiff answered.

63. Defendant's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the relentless harassing phone calls to her cellular phone.

64. Moreover, Defendant's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in a significant harm in the form of invasion of privacy.

65. Upon information and belief, Defendant systematically places unsolicited and harassing phone calls to consumers in Illinois in order to aggressively collect debts in default or assumed to be in default to increase its profitability at the consumers' expense.

66. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by Defendant and is done on a large scale.

67. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully (companies who legally place calls with prior consent, as authorized, and who lawfully cease calling upon requests to stop).

68. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

69. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the never-ending phone calls.

WHEREFORE, Plaintiff ZENA TOLBERT requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff her punitive damages in an amount to be determined at trial;
d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: July 28, 2016                                Respectfully Submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188